IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DEAN GARRETT, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHALS )<br> SERVICE, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 2:17cv470-ECM<br><br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Motion for Default Judgment filed on October 27, 2017. Doc. 27. For the reasons that follow, it is the recommendation of the Magistrate Judge that Plaintiff's motion be denied.

**I. BACKGROUND**

In his Motion for Default Judgment, Plaintiff asserts that Defendants have failed to answer his *Bivens*-type complaint[1] in which he alleges that officers with the United States Marshals Service used excessive force against him during his arrest in Eufaula, Alabama, in April 2016. Doc. 27. In his Motion for Default Judgment, as in his complaint, Plaintiff requests a judgment by the court awarding compensatory and punitive damages and "a jury trial on all issues triable by a jury." Doc. 27 at 1.

Plaintiff originally filed his complaint on June 1, 2017 in the United States District Court for the Northern District of Alabama. *See* Doc. 1. That court transferred Plaintiff's

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

case to the United States District Court for the Middle District of Alabama, and the case was docketed in this court on July 14, 2017.

In his original complaint, Plaintiff stated that he did not know the identities of the officers who allegedly used excessive force against him, so he listed "multiple unknown officers" among the defendants in his action. *See* Doc. 1 at 2.  On August 8, 2017, after Plaintiff was granted leave to proceed *in forma pauperis*, this court entered an order directing the U.S. Marshals Service to provide Plaintiff with information by August 25, 2017 to assist him in determining the names of the officers who participated in his April 2016 arrest. Doc. 13.  However, on August 24, 2017, this court vacated its August 8, 2017 order. Doc. 14.

On August 24, 2017, and again on October 12, 2017, this court entered orders directing Plaintiff to file an amended complaint specifically identifying the officers who allegedly used excessive force against him during his April 2016 arrest and describing how each officer acted to deprive him of his constitutional rights. *See* Docs. 17 & 24.  Also on October 12, 2017, the court directed the U.S. Marshals Service to provide Plaintiff with information by October 27, 2017 to assist him in determining the names of the officers who participated in his arrest. Doc. 24 at 2.  The U.S. Marshals Service complied with the court's directive, and on November 8, 2017 Plaintiff filed an amended complaint specifically identifying the officers he alleges to have used excessive force against him during his April 2016 arrest. Doc. 28.

On November 14, 2017, the court entered orders directing Defendants to file a special report and answer by December 29, 2017 addressing all claims in Plaintiff's

2

amended complaint. Doc. 29. The court advised the parties that Plaintiff's amended complaint would supersede his original complaint and that the action would proceed on the claims set forth by Plaintiff in the amended complaint. *See* Doc. 29 at 1.

On December 15, 2017, Defendants filed a motion requesting a 45-day enlargement of time to file their special report and answer. Doc. 31. The court granted that motion and granted Defendants an extension to and including February 12, 2018 to file their special report and answer. Doc. 32. Defendants were granted two subsequent extensions, and on April 13, 2018, Defendants filed their special report and answer. Doc. 50. On June 6, 2018, following the court's grant of an extension of time to do so, Plaintiff filed a response to Defendants' special report and answer. Doc. 65.

## II. DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The decision to enter a default judgment "is discretionary. . . . Entry of judgment by default is a drastic remedy which should be used only in extreme situations. . . . [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citing *Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 (5th Cir. 1968)); *accord Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962) ("We need only briefly mention that we concur fully in the trial Judge's refusal to grant the plaintiff a default judgment. . . . Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the [defendant] to the end of securing a trial upon the merits.").

This action is currently pending before the court on Plaintiff's amended complaint, Defendants' special report and answer, and Plaintiff's response to the special report and answer. Plaintiff filed his Motion for Default Judgment on October 27, 2017. At the time Plaintiff filed his Motion for Default Judgment, this court had entered no orders directing Defendants to file a special report or answer. After Plaintiff filed the amended complaint upon which this action is proceeding, the first order by this court directing Defendants to file a special report and answer was entered on November 14, 2017. Plaintiff has advanced no prejudice that he has suffered from any alleged delay in this case. *See McKnight v. Webster*, 499 F. Supp. 420, 424 (E.D. Pa. 1980) (denying a motion for default judgment because no prejudice was suffered by an untimely answer).

## III.  CONCLUSION

Considering the foregoing and the strong preference for resolving the action on the merits, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Default Judgment (Doc. 27) be DENIED.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **September 12, 2018.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE this 29th day of August, 2018.

                                         /s/ Gray M. Borden  
                                         GRAY M. BORDEN  
                                         UNITED STATES MAGISTRATE JUDGE