IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DEAN GARRETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE No. 2:17-cv-470-ECM |
| | )                (WO) |
| UNITED STATES MARSHALS | ) |
| SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION and ORDER**

This case was recently reassigned to the undersigned. On April 27, 2020, the *pro se* Plaintiff filed a document entitled "Judicial Notice to the Courts" in which he complains about not getting mail and asserting that the mail staff at his institution is opening his legal mail outside of his presence. (Doc. 92). In the document, the Plaintiff

> requests if within the Courts (sic) authority to Order a preliminary injunction or a temporary restraining order against the Department of Justice employees . . . to prevent the following: (1) Relocating plaintiff to another U.S.P. institution for any reason so long as his conduct requires a means for punishment or threat of safety; (2) Mail room staff from opening All legal correspondence out of presence of plaintiff and requiring signature; (3) Unit Team from denying the plaintiff paid and/or indigent copies of legal documents, and monitored or private attorney calls upon request . . .

(*Id.* at 2).

To the extent the Plaintiff's document contains a motion for a temporary restraining order, the motion is due to be denied, and the case will be referred back to the Magistrate Judge for further proceedings.

A temporary restraining order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Furthermore, under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1).

Plaintiff has not met Rule 65(b)(1)'s requirements. The Plaintiff does not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition. Second, Plaintiff has not submitted the certification required by Rule 65(b)(1)(B). Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, it is

ORDERED that Plaintiff's motion for a temporary restraining order (doc. 92) is DENIED.  It is further

ORDERED that this case is referred back to the Magistrate Judge for further proceedings.

DONE this 4th day of September, 2020.

    /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE