IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DEAN GARRETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:17-CV-470-ECM-JTA |
| ) | [WO] |
| U.S. MARSHALS SERVICE, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On April 27, 2020, *pro se* Plaintiff Larry Dean Garrett, Jr. ("Garrett") filed a document styled as a "Judicial Notice to the Courts" (Doc. 92), in which Garrett complains that Federal Bureau of Prisons ("BOP") staff members at the prison where he is held, United States Penitentiary Tucson ("USP Tucson"), are wrongly opening his mail outside his presence. *See id.* at 1. Garrett asks this court to enter a preliminary injunction or temporary restraining order against various BOP employees at USP Tucson to prevent: (1) the relocation of Garrett to another USP institution "for any reason so long as his conduct requires as a means for punishment or threat of safety;" (2) mail room staff from "opening all legal correspondence out of presence of plaintiff and requiring signature;" (3) unit team from "denying the plaintiff paid and/or indigent copies of legal documents and monitored or private

attorney calls upon request;" (4) trust fund staff from "withholding or not processing payments ordered by the courts or authorized by plaintiff's signature;" and (5) all staff from "conducting cell searches without a Lieutenant present." Doc. 92 at 2.

As explained below, to the extent Garrett's document contains a motion for preliminary injunction, the motion for preliminary injunction (Doc. 92) is due to be denied.

## II.  STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). The decision to grant or deny a preliminary injunction is within the sound discretion of the district court. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if a plaintiff demonstrates: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp.*, 147 F.3d at 1306. A preliminary injunction may not to be granted unless the moving party demonstrates all of these prerequisites. *See McDonald's Corp.*, 147 F.3d at 1306); *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

## III.  DISCUSSION

A preliminary injunction is not an appropriate vehicle for obtaining relief not sought in the underlying action.  *See Klay v. United HealthGroup, Inc.,* 376 F.3d 1092, 1097–98 (11th Cir. 2004).  To obtain preliminary injunctive relief, a plaintiff must demonstrate a substantial likelihood of prevailing on the merits of at least one underlying cause of action because preliminary injunctions are a tool appropriately used only to "grant intermediate relief of the same character as that which may be granted finally."  *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

In Garrett's underlying action, as set forth in his amended complaint (Doc. 28), Garrett alleges that two officers with the United States Marshal Service used excessive force against him during his arrest in Eufaula, Alabama, on April 15, 2016.  None of the relief sought by Garrett in his motion for preliminary injunction is sought in his underlying action.  None of the matters referenced by Garrett in his motion for preliminary injunction are connected to his underlying action.[1]  None of the parties mentioned in the motion for preliminary injunction are defendants in the

---

[1] *See, e.g., Devised v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit.  Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); *Spencer v. Stapler*, 2006 WL 2052704, *9 (D. Ariz. 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the defendants.  Plaintiff's request will therefore be denied."); W*estbank Yellow Pages v. BRI, Inc*., 1996 WL 255912, *1, (E.D. La. 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action.").

underlying action.[2] And none of the acts alleged in the motion for preliminary injunction occurred within this court's jurisdiction.

Garrett's allegations in his motion for preliminary injunction concern matters separate and distinct from Garrett's substantive claims in his underlying action. Therefore, issuing a preliminary injunction is not warranted here.

## IV. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

(1) the motion for preliminary injunction (Doc. 92) be DENIED; and

(2) this case is referred back to the undersigned for additional proceedings.

It is further

ORDERED that **by October 12, 2020**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court.

---

[2] To the extent Garrett seeks to enjoin nonparties, it is clear that "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed. R. Civ. P. 65(d)." *Elliott v. Kiesewetter*, 98 F.3d 47, 56 (3d Cir. 1996). The effort to enjoin nonparties runs afoul of the "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc*., 96 F.3d 1390, 1394 (Fed. Cir. 1996) (citing *Scott v. Donald*, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.").

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of September, 2020.

      /s/  Jerusha T. Adams
     JERUSHA T. ADAMS
     UNITED STATES MAGISTRATE JUDGE