IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DEAN GARRETT, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.<br>) 2:17-CV-470-ECM-JTA<br>) [WO] |
| U.S. MARSHALS SERVICE, *et al.*, | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), is before the court on an amended complaint filed *pro se* by Plaintiff Larry Dean Garrett, Jr. Doc. 28. Garrett alleges he suffered serious injuries when officers with the United States Marshals Service used excessive force in effecting his arrest at a mobile home in Eufaula, Alabama, on April 15, 2016. *Id.* at 2–3. Named as defendants are two deputy United States Marshals and the United States Marshals Service. The court concludes that dismissal of the amended complaint against the United States Marshals Service is warranted.

### I. DISCUSSION

Plaintiff's amended complaint includes the United States Marshals Service as a named Defendant. However, as a federal agency, the United States Marshals Service is not a proper defendant in this action. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1995); *Lyles v. Hughes*, 83 F. Supp. 3d 315, 324 (D.D.C. 2015). The proper defendants in a *Bivens* action are the federal officers who allegedly violated the plaintiff's constitutional rights,

not the federal agency that employs the officers. *See Meyer,* 510 U.S. at 486. Accordingly, the action against the United States Marshals Service is due to be dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's amended complaint against Defendant United States Marshals Service (Doc. 28) be DISMISSED.

2.  Defendant United States Marshals Service be TERMINATED as a party to this action.

3.  This case against the remaining Defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before March 24, 2021, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

    DONE this 9th day of March, 2021.

                                   /s/ Jerusha T. Adams
                                   JERUSHA T. ADAMS
                                   UNITED STATES MAGISTRATE JUDGE