IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DEAN GARRETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:17-cv-470-ECM |
| | )                 (WO) |
| ERNEST WILLIAMS and | ) |
| DAVID ONOFRY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 103) which recommends that the Defendants' motion for summary judgment (doc. 50) be granted and judgment be entered in favor of the Defendants. (Doc. 103 at 17). The Plaintiff filed a motion for reconsideration and request for stay pending discovery (doc. 108) which the Court construes as objections to the Recommendation. Also pending before the Court is the Recommendation of the Magistrate Judge (doc. 102) that the United States Marshals Service should be dismissed, to which no timely objections have been filed. Upon an independent and *de novo* review of the record, the Plaintiff's objections are due to be overruled, the Magistrate Judge's Recommendations are due to be adopted, and the Defendants' properly supported motion for summary judgment is due to be granted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further

evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  *De novo* review requires that the district court independently consider factual issues based on the record.  *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).  If the party does not object to specific factual findings, the court reviews them only for clear error.  *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendations of the Magistrate Judge, and the Plaintiff's objections.  To the extent the Plaintiff makes conclusory assertions that he is entitled to relief against the Defendants but does not point to any legal error committed by the Magistrate Judge, his general objections are reviewed for clear error, and are due to be overruled.

However, the Plaintiff's objection to the Magistrate Judge's recommendation granting summary judgment on his excessive force claim is sufficiently specific to warrant *de novo* review.

The crux of the Plaintiff's objection is the evidence before the Court does not demonstrate that the Defendants did not assault him when he was arrested on April 15, 2016. (Doc. 108 at 1).  While the Plaintiff concedes he was assaulted in Birmingham the day before his arrest by the Defendants, he asserts that this fact "does not rule out the Defendants using additional force when they arrested him," and argues that "[t]here is no in-court testimony that supports that the Defendants didn't assault the Plaintiff." (*Id*.).

The Defendants filed a special report supported by relevant evidentiary materials,

including affidavits, medical records and the sworn testimony offered by the Plaintiff in his 2017 criminal trial. The Defendants adamantly deny that they struck, beat or kicked the Plaintiff during his arrest. Rather, the undisputed evidence demonstrates that the Plaintiff was assaulted the day before in Birmingham, Alabama.

The Plaintiff was arrested at the residence of Ketenia Miller ("Miller") in Eufaula Alabama. When the Plaintiff was arrested, the Defendants noticed "obvious signs of trauma to Garrett's face and head," and called for medical treatment. (Doc. 50-10 at 4, para. 13). The emergency medical technician's report described a head laceration and detailed that the Plaintiff said he "was assaulted the day before in B[irming]ham." (Doc. 50-9 at 17). The Plaintiff described his injuries as possible broken ribs and jaw as well as side and back pain. (*Id*.).

The United States Marshal Service's report of investigation notes that the Plaintiff "stated that approximately 4 men from the Birmingham, AL area had jumped him on the prior day over a misunderstanding with the sale or purchase of video recordings or CDs." (*Id*. at 20).

The Plaintiff was transported to Medical Center Barbour in Eufaula, Alabama. (Doc. 50-11 at 5). His medical records note the date of injury as April 14, 2016, and that the Plaintiff stated he had been assaulted with fists and "kicked by unknown person(s), some dude(s)." (*Id*. at 16) (internal quotations omitted). The Plaintiff reported that he "was jumped yesterday." (*Id*. at 21).

Finally, Ketenia Miller gave an audio statement and provided a sworn declaration.[1] Miller reported that when she picked Garrett up, "he was badly injured." (Doc. 61-1 at 2, para. 4). According to Miller, Garrett

> complained of injuries to his chest, back, and head. He told me that he had been jumped by some guys and their brothers over a dispute about money.
>
> \*   \*   \*
>
> I did not see any officer's [sic] strike or beat Garrett during his arrest. I saw him handcuffed in the driveway before the ambulance came and the injuries he had were the same injuries he had the day before when I picked him up.
>
> I understand that he is now claiming that the Marshals caused his injuries when they arrested him. This is false.

(*Id*. at 2-3, para. 4, 8 and 9).

The Plaintiff was charged in the United States District Court for the Northern District of Alabama with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e). (Doc. 50-1 at 2). At his criminal trial in 2017, Garrett represented himself. In his opening statement, Garrett described the April 2016 assault as follows: "I was brutally beaten, urinated on, ejaculated on by a couple of the offenders and this was not made record of [sic], but the assault was filed with the police, but it was never investigated." (Doc. 50-5 at 7).

During his criminal trial, the Plaintiff testified as follows:

> Q.   And the first question that you wanted me to ask you is, during the trial, you mentioned about getting beat up. I would like to show you what's been marked as

---

[1] Miller has subsequently died.

|   |   |
|---|---|
|   | Defendant's Exhibit 14.  Do you recognize the individual in that picture? |
| A. | Yes, sir. |
| Q. | Who is it? |
| A. | It's me. |
| Q. | And where was that picture taken? |
| A. | Eufaula Hospital, Eufala [sic] Medical Center. |
| Q. | Why were you in Eufala [sic] Hospital, Eufala [sic] Medical Center? |
| A. | I had been assaulted by some guys in Valley Brook apartment. |

(Doc. 50-4 at 4-5).

On cross-examination, the Plaintiff repeated that Anthony Jones and others assaulted him in Birmingham. (*Id*. at 18–21, 25, 28–31). According to the Plaintiff, the men punched him, kicked him in the back, and "stomp[ed] me on the floor." (*Id*. at 33). When describing his arrest the next day, the Plaintiff testified that the Marshals "got me in Eufala [sic] and took me to the medical center from my aunt's house, took me to the medical center." (*Id*. at 35). At no time during his criminal trial did the Plaintiff allege that the Marshals had also assaulted him. Finally, during the testimony of Jones, the Plaintiff introduced into evidence a photograph of his injuries and asked Jones about the injuries. Jones declined to answer questions about the assault, invoking the Fifth Amendment. (Doc. 50-3 at 13).

Based on the evidence before her, the Magistrate Judge declined to "adopt [the Plaintiff's] version of the facts for the purpose of ruling on the motion for summary judgment" because the Plaintiff's version of the facts was so "blatantly contradicted by the record[] so that no reasonable jury could believe it." (Doc. 103 at 14).

In his allegations in his amended complaint, Garrett asserts that

5

>Defendants severely beat him when effecting his arrest, and he submits medical records and a photograph purporting to demonstrate the injuries were caused by Defendants. Defendants deny that they beat Garrett or that they caused the injuries about which he complains.  But besides Defendants' denials, the record contains evidentiary materials, in the form of Garrett's testimony and his statements at his criminal trial and the photograph introduced at that trial, that have the effect of so utterly discrediting Garrett's factual assertions in his amended complaint that no reasonable jury could believe the assertions in his amended complaint.  This court will not rely on the evident fictions in Garrett's amended complaint where the record shows that Garrett, in his criminal case, testified under oath that he was severely beaten by Anthony Jones and two other men on April 14, 2016; testified that the beating by Jones and the two other men caused the injuries that led to his admission and treatment at the hospital in Eufaula on April 15, 2016; and introduced a photograph at this criminal trial to demonstrate the injuries resulting from the beating by Jones and the two other men where he presents the very same photograph with his amended complaint in this *Bivens* action purporting to show the injuries he now says were caused by Defendants when they arrested him.  With this civil matter, Garrett is trying to falsely attribute to Defendants the injuries he suffered at the hands of others in the April 14, 2016, beating in Birmingham.

(*Id.* at 14–15).

Thus, the Magistrate Judge concluded that "[b]ecause the record utterly discredits Garrett's allegations," there are no genuine disputes of material fact and recommended that the Defendants' motion for summary judgment be granted.  (*Id*. at 15–16).

The Plaintiff first objects that the Magistrate Judge improperly relied on "out-of-court testimony, and thus he was denied his rights under the Confrontation Clause. (Doc. 108 at 1).  The Plaintiff's objection based on the Confrontation Clause is due to be overruled.  The law is well settled that the Sixth Amendment's constitutional protections,

6

including the Confrontation Clause, apply only to criminal prosecutions. *United States v. Ward*, 448 U.S. 242, 248 (1980); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 n.13 (11th Cir. 2001) ("Of course, the Confrontation Clause is not applicable to civil cases").

The Plaintiff's other objections to the Court's reliance on the Defendants' evidence is also due to be overruled. The Magistrate Judge properly considered the evidence before her and explained her reasons for recommending granting the Defendants' motion for summary judgment.

The Plaintiff objects to the Recommendation asserting that he needs additional discovery and requests a stay pending discovery. (Doc. 108). This objection is due to be overruled. On November 20, 2020, the Plaintiff filed a motion for discovery requesting the same discovery he now seeks. (Doc. 100). On January 14, 2021, the Magistrate Judge denied the motion. (Doc. 101). Pursuant to Fed. R. Civ. P. 72(a), when a party disagrees with a non-dispositive written order of the Magistrate Judge, the "party may serve and file objections to the order within 14 days after being served with a copy." The Plaintiff did not file any objections to the Magistrate Judge's order. Because the Plaintiff did not timely object to the Magistrate Judge's January 14, 2021 order, the Court will not permit an objection that circumvents the Federal Rules of Civil Procedure by recasting an untimely objection to the Court's January 14, 2021 order as a timely one by tethering it the more recent Report and Recommendation.[2]

---

[2] After the Recommendation was entered, the Plaintiff again filed a motion to compel discovery. (Doc. 109). He offers no cogent reason for the Court to permit discovery after the entry of the Recommendation. This motion will be denied as moot.

The Court agrees with the Magistrate Judge that the Defendants' motion for summary judgment is due to be granted. Based on the record before the Court, the Plaintiff's allegations in his amended complaint are blatantly contradicted by the evidence in the record including his criminal trial testimony, and no reasonable jury could believe the Plaintiff's contradictory story in this case.[3]

Furthermore, the Court also concludes that the Defendants are entitled to summary judgment based on the doctrine of judicial estoppel.[4] "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000). The purpose of the doctrine of judicial estoppel is to "prevent the perversion of the judicial process" and "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (citations and internal quotations omitted).

The Eleventh Circuit "employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a

---

[3] The Plaintiff does not object to the Magistrate Judge's finding his story is blatantly contradicted by the evidence of record in this case.

[4] The Court properly raises judicial estoppel *sua sponte*. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (noting that because judicial estoppel "is intended to prevent improper use of judicial machinery, [it] is an equitable doctrine invoked by a court at its discretion.") (internal citations and quotations omitted).

mockery of the judicial system.'" *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) (en banc) (citation omitted). "[T]o determine whether a [party]'s inconsistent statements were calculated to make a mockery of the judicial system, a court should look to all the facts and circumstances of the particular case." *Id.* at 1185. "When considering a party's intent for the purpose of judicial estoppel, we require "intentional contradictions, not simple error or inadvertence." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010) (quoting *Am. Nat'l Bank of Jacksonville v. FDIC,* 710 F.2d 1528, 1536 (11th Cir.1983). In *New Hampshire v. Maine*, the Supreme Court declined to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," commenting that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of the principle." 532 U.S. at 750–51.

In this case, it is appropriate to apply the doctrine of judicial estoppel to the Plaintiff's claims. It is clear that the Plaintiff's testimony in his criminal trial was under oath in a prior proceeding. Moreover, his multiple statements that his injuries were the result of an assault by men in Birmingham is inconsistent with his statements in this case that his injuries were caused by the Defendants. In his attempt to recover monetary damages for his injuries in this case from the Defendants, his inconsistent statements in this case evinces an intent to create a mockery of the judicial system. Consequently, the Court concludes that the Plaintiff is judicially estopped from offering contradictory statements in this case and is bound by his prior statements. Based on those statements, the Court finds that there are no genuine disputes of material fact about whether these

9

Defendants caused the Plaintiff's injuries.[5]

## CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections (doc. 108) are OVERRULED;

2. the Recommendations of the Magistrate Judge (doc. 102 and 103) are ADOPTED;

3. the United States Marshal service is DISMISSED as a defendant in this action;

4. the Plaintiff's motion for reconsideration and request for stay pending discovery (doc. 108) are DENIED

5. the Defendants' motion for summary judgment (doc. 50) is GRANTED;

6. judgment is ENTERED in favor of the Defendants;

7. the Plaintiff's motion for order compelling discovery (doc. 109) is DENIED;

8. this case is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 11th day of February, 2022.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Plaintiff does not object to the Magistrate Judge's finding that any alleged injury caused by Defendant Williams allegedly kicking him in the groin were *de minimis* and thus, not violative of the Fourth Amendment.